UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-09985-AH-(SSCx) | Date | April 10, 2026 |
| Title | *Hydroxie LLC v. Flame USA Inc et al.* | | |

Present: The Honorable Anne Hwang, United States District Judge

| | |
|---|---|
| Yolanda Skipper | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER GRANTING MOTION TO DISMISS (DKT. NO. 41)**

Before the Court is a Motion to Dismiss ("Motion") filed by Defendant LA New Age Dist, Inc. ("Defendant"). Mot., Dkt. No. 41. Plaintiff Hydroxie LLC ("Plaintiff") filed an Opposition. Opp'n, Dkt. No. 51. Defendant filed a Reply. Reply, Dkt. No. 53. Prior to the hearing on this Motion, the Court provided this order as a tentative ruling to the parties. Both parties submitted on the tentative order. For the following reasons, the Court **GRANTS** Defendant's Motion to Dismiss with leave to amend.

## I. BACKGROUND[1]

Plaintiff is a California company "in the nutritional and dietary supplement space that produces high quality chewable tablets, liquid shots, strips, and drink mixes" for health purposes. FAC ¶ 15. Plaintiff's products are sold through its website, www.hydroxie.com, and it also distributes its products to wholesalers through its website www.hydroxiewholesale.com for sale in brick and mortar

[1] The Court summarizes the allegations in the First Amended Complaint ("FAC") and accepts those allegations as true for purposes of this Motion.

stores nationwide. *Id.* ¶ 17. Plaintiff alleges that it is the owner at common law of the HYDROXIE word mark, and the Hydroxie Smiley Face Logo (collectively, the "Hydroxie Marks"). *Id.* ¶ 20. Images of these marks are reproduced below:




"Hydroxie Stylized Word Mark"



"Hydroxie Smiley Face Logo"




"Hydroxie Leaf Packaging"

*Id.* Plaintiff claims that the packaging and product design that it uses for its 15mg and 30mg tablets (the "Hydroxie Tablet Trade Dress") is inherently distinctive as its primary purpose is to signal to consumers that Plaintiff is the source of the goods. *Id.* ¶ 24. Plaintiff claims that it has continuously used the Hydroxie Marks and Hydroxie Tablet Trade Dress since no later than on or about February 7, 2024. *Id.* ¶ 29-30.

Plaintiff alleges that a whistleblower provided Plaintiff information in July 2025 about a counterfeiting operation linked to Flame USA. *Id.* ¶ 35. In August 2025, an agent of Plaintiff visited Flame USA's production facility and observed boxes bearing marks that Plaintiff alleges were confusingly similar or substantially identical to the Hydroxie Marks and Hydroxie Tablet Trade Dress. *Id.* ¶¶ 37-38. Plaintiff further alleges that Flame USA obtained the same dyes used to stamp the "H" emblem featured on genuine Hydroxie tablets to further confuse the consuming public into thinking the allegedly counterfeited products were manufactured and distributed by Plaintiff. *Id.* ¶ 40. Albert Guzman, who was at the facility during this visit, represented to Plaintiff's agent that Flame USA was engaged in co-packing and "white labeling" (manufacturing for sale under another name) for Plaintiff. *Id.* ¶ 38. Plaintiff conducted comparative testing between authentic Hydroxie tablets and the allegedly counterfeited products which revealed dissimilarities between the two products. *Id.* ¶¶ 43-44. Plaintiff alleges that Defendant, among others, are engaged in the promotion, marketing, offer for sale, and/or sale of dietary supplements that are confusingly similar and/or identical to Plaintiff's products. *Id.* ¶ 45.

On October 17, 2025, Plaintiff filed a lawsuit against multiple defendants. Dkt. No. 1. On December 1, 2025, Plaintiff filed the FAC, which added Defendant as a named defendant. Dkt. No. 15. The FAC brings claims under 15 U.S.C. § 1125(a) of the Lanham Act for false designation of origin, false descriptions, and false advertising, as well as trade dress infringement; a violation of California's Unfair Competition Law ("UCL") under California Business and Professions Code § 17200; and common law trademark infringement, trade dress infringement, and unfair competition. *See generally* FAC.

On February 27, 2026, Defendant filed this Motion.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of a "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). A dismissal under a 12(b)(6) motion can be based on either a "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotation marks and citation omitted). On a 12(b)(6) motion, courts accept as true all well-pleaded allegations of material fact and construe them in a light most favorable to the non-moving party. *See*

*Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030-31 (9th Cir. 2008). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not" suffice. *Id.* (internal quotation marks and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

A "district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). Otherwise, leave to amend shall be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2).

## III. DISCUSSION

### A. Rule 8 Notice

Defendant argues that the FAC only references it on the caption page and in the "Parties" section describing the corporation, FAC at 1, ¶ 9, which fails to provide Defendant with notice of the claims against it as required by Federal Rule of Civil Procedure 8(a). Mot. at 2-5. Plaintiff responds that it need not plead the specific role played by each defendant in a multi-party counterfeiting operation at the pleading stage. Opp'n at 4-6.

Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but Rule 8 calls for "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A "shotgun pleading" includes "a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Gibson v. City of Portland*, 165 F.4th 1265, 1288, 1295 ("[W]e have no idea whether 'Defendants' means *all* of the Defendants or some of the Defendants."). "[D]istrict courts do not have to accept such shotgun pleadings." *Id*. at 1289. "Because each defendant is entitled to know what he or she did that is

asserted to be wrongful a complaint based on a theory of collective responsibility must be dismissed.'" *Sechrist v. Rev Recreation Grp., Inc.*, 2023 WL 8351517, at *2 (C.D. Cal. Oct. 23, 2023) (citation modified) (collecting cases). As one court has observed,

> a complaint which lumps together multiple defendants in one broad allegation fails to satisfy the notice requirement of Rule 8(a)(2). However, this does not mean that a plaintiff's assertion of claims against "Defendants" will automatically be deficient. Rather, a plaintiff must identify what action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole. Put another way, a plaintiff's allegations must provide sufficient notice to all of the Defendants as to the nature of the claims being asserted against them, including what conduct is at issue.

*Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015) (citation modified).

Construing the pleadings in the light most favorable to Plaintiff, the FAC does not allege which action(s) Defendant took against Plaintiff. The FAC alleges that each defendant had a role in the manufacturing, production, marketing, distribution, advertisement, offering for sale, and/or sale of the accused products; that each defendant knew or should have known of the wrongful conduct, ratified and encouraged it, and/or had a duty to prevent it; and that each defendant was the agent, servant, and/or employee of the other defendants acting within the course and scope of that relationship. FAC ¶¶ 13-14, 34, 45-47. As in *Gibson*, where the district court dismissed various claims which failed to connect specific conduct to specific defendants, 165 F.4th at 1291-95, the FAC's allegations here are similarly deficient. Plaintiff argues that because under the Lanham Act every participant in a counterfeiting distribution chain is subject to liability, its allegations should suffice. However, without specifying Defendant's role in the various different actions alleged, it is "difficult, if not impossible, for [Defendant] to formulate a response." *Gibson*, 165 F.4th at 1288. Although Plaintiff argues in its opposition that Flame USA's role was the counterfeiting warehouse operation, Maduro had a distribution role, and the Court can draw on its judicial experience to "recognize that a distributor of counterfeit goods bearing a plaintiff's marks is a plausible defendant," Opp'n at 5, the problem is that the FAC nowhere alleges that Defendant is a distributor. District courts have found in similar trademark cases more is required than what was pled here. *See, e.g.*, *Gen-Probe, Inc. v. Amoco*

*Corp.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996) (finding that it was "unclear which of the five [defendants] is accused of which type of infringement"); *cf Adobe Sys. Inc.*, 125 F. Supp. 3d at 966 (holding that the complaint did not impermissibly lump together multiple defendants because the complaint alleged that the moving defendant, "Blue Source, as well as Defendants UPI and JHS, supplied the SoftwareMedia Defendants with infringing products, and that Blue Source was not authorized to sell or distribute such products").[2] Plaintiff argues that it pled facts regarding specific conduct involving other parties. Opp'n at 4. But pleading various detailed facts in the body of a complaint does not cure a failure to identify the specific actions that a specific defendant took which amounted to a violation. *See Gibson*, 165 F.4th at 1291 ("[T]he inadequacies are not in the facts Plaintiffs have set forth. Whatever else may be said of Plaintiffs' allegations, Plaintiffs pleaded detailed facts in 252 numbered paragraphs . . . . The problem arises once we get to Plaintiffs' four claims for relief. All details evaporate when they had to link their facts to their causes of action.").

Accordingly, because the FAC fails to satisfy the notice requirement of Rule 8, the Court GRANTS Defendant's Motion with leave to amend.

---

[2] In its Opposition, Plaintiff cited *Leftenant v. Blackmon*, 2020 WL 4334779 (D. Nev. July 29, 2020) in which Plaintiff asserts "the court found allegations that defendants used a plaintiff's mark sufficient to state counterfeiting claims without requiring detailed role differentiation among multiple defendants." Opp'n at 6. The Court was unable to locate an order with this citation. The Court was able to locate a different order under this case name and order date—*Leftenant v. Blackmon*, 2020 WL 13584196 (D. Nev. July 29, 2020)—and while that order addressed the sufficiency of Lanham Act allegations brought against multiple defendants, the movant there did not appear to challenge the pleading on Rule 8 pleading grounds. To the extent that Plaintiff has relied on artificial intelligence, Plaintiff has not complied with this Court's Standing Order, which requires a party who uses artificial intelligence to generate any portion of a brief to attach a separate declaration disclosing the use of artificial intelligence and certifying that the filer has reviewed the source material and verified the content is accurate and complies with the filer's Rule 11 obligations. *See* Standing Order, Dkt. No. 11, at 7. Plaintiff is admonished that any future citations to authority that do not appear to exist will result in the Court setting an order to show cause re why sanctions should not be imposed.

### B. Generic or Descriptive Term

Defendant additionally argues that the term Hydroxie is generic, or alternatively, that Plaintiff fails to allege facts supporting a finding of secondary meaning. Mot. at 5-8. The Court previously addressed a similar argument raised by co-defendants Flame USA Inc. and Albert Guzman, and adopts its reasoning from its prior order. Dkt. No. 49.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss with leave to amend. Any amended complaint must be filed within **fourteen (14) days**. Failure to timely or properly amend will result in dismissal of the case against Defendant.

**IT IS SO ORDERED.**