Colin V. Quinlan (SBN 332225)
Email: colin.quinlan@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone: (213) 443-5100
Facsimile: (213) 443-5101

Attorneys for Defendant and Third-Party Plaintiff LA New Age Dist, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

HYDROXIE LLC,

Plaintiff,

vs.

FLAME USA INC; Maduro Distributor; PURE LEAF KRATOM; LA NEW AGE DIST., INC.; SONICS IMPORTS, INC.; ALBERT GUZMAN; AKRUM ALRAHIB; and DOES 1-10, inclusive,

Defendants.

LA NEW AGE DIST, INC., a California corporation,

Third-Party Plaintiff,

vs.

NATION WIDE DISTRIBUTORS LLC, a New York limited liability company; SOL TRADING CORPORATION, a New York corporation; MOOR VAPES USA INC., a California corporation; JHL DISTRIBUTION INC, a California corporation; MSM WHOLESALE LLC, an Ohio limited liability company; RIVERCITY WHOLESALE INC, a Tennessee corporation; and ROES 1-10, inclusive,

Third-Party Defendants.

Case No. 2:25-cv-09985-AH-SSC

**THIRD-PARTY COMPLAINT**

1. **BREACH OF EXPRESS WARRANTY**
2. **BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
3. **IMPLIED CONTRACTUAL INDEMNITY**
4. **BREACH OF CONTRACT**

**JURY TRIAL DEMANDED**

Defendant and Third-Party Plaintiff LA New Age Dist, Inc. (hereinafter "LA New Age"), by and through its undersigned counsel, Wilson Elser Moskowitz Edelman & Dicker LLP, brings this Third-Party Complaint pursuant to Rule 14 of the Federal Rules of Civil Procedure against Third-Party Defendants Nation Wide Distributors LLC, Sol Trading Corporation, Moor Vapes USA Inc., JHL Distribution Inc, MSM Wholesale LLC and Rivercity Wholesale Inc, and alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over the underlying action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has subject matter jurisdiction over LA New Age's third-party claims pursuant to 28 U.S.C. § 1367(a), because LA New Age's claims are so related to the underlying action that they form part of the same case or controversy and derive from a common nucleus of operative fact.

3. Venue is proper in the Central District of California because the underlying action is pending in this District, and damages suffered by LA New Age have been or will be suffered in this District.

**THE PARTIES**

4. On information and belief, Plaintiff Hydroxie LLC is a limited liability company organized and existing under the laws of the State of California, with an office and principal place of business located at 306 West El Norte Parkway, Suite N 92, Escondido, California 92026.

5. Defendant and Third-Party Plaintiff LA New Age Dist, Inc. is a corporation incorporated under the laws of California with a principal place of business located at 324 East 4th Street, Los Angeles, California 90013.

6. On information and belief, Third-Party Defendant Nation Wide Distributors LLC ("Nation Wide Distributors") is a limited liability company organized and existing under the laws of the State of New York, with a principal

place of business located at 9720 99th Street, Ozone Park, New York 11416.

7. On information and belief, Third-Party Defendant Sol Trading Corporation ("Sol Trading") is a corporation incorporated and existing under the laws of the State of New York, with a principal place of business located at 2417 Jericho Turnpike #299, New Hyde Park, New York 11040.

8. On information and belief, Third-Party Defendant Moor Vapes USA Inc. ("Moor Vapes") is a corporation incorporated and existing under the laws of the State of California, with a principal place of business located at 9028 Hellman Avenue, Rancho Cucamonga, California 91730. On further information and belief, Moor Vapes may also do business under the name "Aqua Glass Works."

9. On information and belief, Third-Party Defendant JHL Distribution Inc ("JHL Distribution") is a corporation incorporated and existing under the laws of the State of California, with a principal place of business located at 747 West Main Street, El Cajon, California 92020.

10. On information and belief, Third-Party Defendant MSM Wholesale LLC ("MSM") is a limited liability company organized and existing under the laws of the State of Ohio, with a principal place of business located at 6590 Engle Road, Middleburg Heights, Ohio 44130. On further information and belief, MSM may do business under the name or names "MSM Distributors," "MSM Wholesale and Distribution," or some variation or variations thereof.

11. On information and belief, Third-Party Defendant Rivercity Wholesale Inc ("Rivercity") is a corporation incorporated and existing under the laws of the State of Tennessee, with a principal place of business located at 4742 Highway 58, Chattanooga, Tennessee 37416.

## RELATIONSHIP BETWEEN LA NEW AGE AND THIRD-PARTY DEFENDANTS

12. In or around September 2024, LA New Age began to purchase Hydroxie products from Plaintiff, which LA New Age would resell to retailers.

13. LA New Age encountered Third-Party Defendants, who are each a wholesaler or other supplier of products that LA New Age resells to consumers.

14. LA New Age asked each Third-Party Defendant (Nation Wide Distributors, Sol Trading, Moor Vapes, JHL Distribution, MSM and Rivercity) whether the Hydroxie products they offered for sale were genuine. Each of them offered LA New Age express assurances that the products were genuine and that each was authorized to sell such products.

**THE UNDERLYING ACTION**

15. On October 17, 2025, Plaintiff filed a Complaint in the United States District Court for the Central District of California. On December 15, 2025, Plaintiff filed a First Amended Complaint in this action that added LA New Age as a Defendant.

16. On April 24, 2026, Plaintiff filed its Second Amended Complaint in this action alleging causes of action under the Lanham Act, 15 U.S.C. § 1125(a), for (1) false designation of origin, false descriptions, and false advertising; and for (2) trade dress infringement. Plaintiff also alleged causes of action for (3) Unfair Competition in Violation of California Business and Professions Code § 17200, *et seq.*, as well as for (4) common law trademark and trade dress infringement and unfair competition. A copy of the Second Amended Complaint is attached to this Third-Party Complaint as Exhibit A.

17. LA New Age denies that it is liable to Plaintiff and denies the allegations in the Second Amended Complaint of false designation of origin, false descriptions, and false advertising; of trade dress infringement; of unfair competition in violation of section 17200; and of common law trademark and trade dress infringement and unfair competition.

**THIRD-PARTY DEFENDANTS' BREACHES**

18. After receiving service of the First Amended Complaint, LA New Age sent letters to Nation Wide Distributors, Sol Trading, Moor Vapes, JHL

Distribution, MSM and Rivercity on January 22, 2026, and again on April 1, 2026, tendering LA New Age's claim for indemnification and defense of the underlying action, and demanding that each Third-Party Defendant provide proof to LA New Age that the products sold by each Third-Party Defendant to LA New Age were genuine, non-infringing, and authorized for sale.

19. Upon LA New Age's tender of its claim for indemnity to each Third-Party Defendant, each Third-Party Defendant had a duty to indemnify LA New Age and to assume the defense of LA New Age in the underlying action, including all attorney fees, costs, and other expenses incurred in connection with the defense of this action, as well as for any judgment, settlement, or other liability arising from the claims asserted against LA New Age.

20. No Third-Party Defendant has agreed to indemnify LA New Age in the underlying action.

21. No Third-Party Defendant has assumed the defense of LA New Age in the underlying action.

22. Third-Party Defendants are liable to indemnify LA New Age in the underlying action, and each Third-Party Defendant's failure to do so is a breach of express and implied warranties and LA New Age's right to implied contractual indemnity. LA New Age reasonably relied on each Third-Party Defendant's express assurances, and each Third-Party Defendant has a duty to indemnify LA New Age as a result of express representations made by the Third-Party Defendant, as well as due to breach of warranties implied by law and implied contractual indemnity.

23. No Third-Party Defendant provided the proof demanded by LA New Age that the goods sold by each of them to LA New Age were genuine, non-infringing, and authorized for sale. As a result of each Third-Party Defendant's failure to provide such proof, LA New Age lost any profits that it could have obtained from the sale of any genuine Hydroxie products purchased from each Third-Party Defendant, as well as the cost of purchasing said products from each

Third-Party Defendant.

**FIRST CAUSE OF ACTION**

**Breach of Express Warranty**

**(Against All Third-Party Defendants)**

24. LA New Age incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

25. LA New Age purchased Hydroxie products from Third-Party Defendants Nation Wide Distributors, Sol Trading, Moor Vapes, JHL Distribution, MSM and Rivercity.

26. Prior to purchasing Hydroxie products from each Third-Party Defendant, LA New Age required express assurances from each Third-Party Defendant that the Hydroxie products it sold to LA New Age were genuine, non-infringing, and authorized for sale. LA New Age received such express warranties from each Third-Party Defendant.

27. If the allegations in Plaintiff's complaint are true, then the Hydroxie products sold to LA New Age did not conform to each Third-Party Defendant's express warranties to LA New Age.

28. As a result, each Third-Party Defendant had a duty to indemnify LA New Age in the underlying action and to assume the defense of LA New Age in the underlying action.

29. After being served by Plaintiff with the First Amended Complaint filed in the underlying action, LA New Age gave notice to Nation Wide Distributors, Sol Trading, Moor Vapes, JHL Distribution, MSM and Rivercity that their express warranties had been breached, and tendered a demand for indemnification and for the assumption of the defense of LA New Age in the underlying action to each of them.

30. No Third-Party Defendant has agreed to indemnify LA New Age in the underlying action.

31. No Third-Party Defendant has assumed the defense of LA New Age in the underlying action.

32. Each Third-Party Defendant's failure to indemnify LA New Age and to assume the defense of LA New Age in the underlying action constitutes a breach of that Third-Party Defendant's express warranties to LA New Age that the Hydroxie products sold to LA New Age were genuine, non-infringing, and authorized for sale.

33. As a result of the breach of its express warranties to LA New Age, each Third-Party Defendant is liable to LA New Age for all attorney fees, costs, and other expenses incurred in connection with the defense of the underlying action, as well as for any judgment, settlement, or other liability arising from the claims asserted against LA New Age by Plaintiff Hydroxie LLC.

**SECOND CAUSE OF ACTION**

**Breach of Implied Warranty**

**(Against All Third-Party Defendants)**

34. LA New Age incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

35. The law implies a warranty of merchantability into all sales of goods. Specifically, California Commercial Code § 2312(3) states that each contract of sale of goods contains an implied warranty "that the goods shall be delivered free of the rightful claim of any third person by way of infringement or the like."

36. LA New Age purchased Hydroxie products from Third-Party Defendants Nation Wide Distributors, Sol Trading, Moor Vapes, JHL Distribution, MSM and Rivercity.

37. If the allegations in Plaintiff's complaint are true, then the Hydroxie products sold to LA New Age did not conform to the warranties implied by law from each Third-Party Defendant's sale of goods to LA New Age.

38. As a result, each Third-Party Defendant had a duty to indemnify LA New Age in the underlying action and to assume the defense of LA New Age in the

underlying action.

39. After being served by Plaintiff with the First Amended Complaint filed in the underlying action, LA New Age gave notice to Nation Wide Distributors, Sol Trading, Moor Vapes, JHL Distribution, MSM and Rivercity that their implied warranties had been breached, and tendered a demand for indemnification and for the assumption of the defense of LA New Age in the underlying action to each of them.

40. No Third-Party Defendant has agreed to indemnify LA New Age in the underlying action.

41. No Third-Party Defendant has assumed the defense of LA New Age in the underlying action.

42. Each Third-Party Defendant's failure to indemnify LA New Age and to assume the defense of LA New Age in the underlying action constitutes a breach of that Third-Party Defendant's implied warranties to LA New Age that the Hydroxie products sold to LA New Age were genuine, non-infringing, and authorized for sale.

43. As a result of the breach of its implied warranties to LA New Age, each Third-Party Defendant is liable to LA New Age for all attorney fees, costs, and other expenses incurred in connection with the defense of the underlying action, as well as for any judgment, settlement, or other liability arising from the claims asserted against LA New Age by Plaintiff Hydroxie LLC.

## **<u>THIRD CAUSE OF ACTION</u>**

### **Implied Contractual Indemnity**

### **(Against All Third-Party Defendants)**

44. LA New Age incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

45. LA New Age purchased Hydroxie products from Third-Party Defendants Nation Wide Distributors, Sol Trading, Moor Vapes, JHL Distribution, MSM and Rivercity.

46. LA New Age acted in good faith and reasonably relied on assurances from each Third-Party Defendant that the Hydroxie products they each sold to LA New Age were genuine, non-infringing, and authorized for sale.

47. If the allegations in Plaintiff's complaint are true, then LA New Age's liability to Plaintiff, if any, is wholly derivative of each Third-Party Defendant's culpable conduct, for which Third-Party Defendant is liable to Plaintiff.

48. Because LA New Age's liability arises solely from Third-Party Defendant's conduct, and LA New Age is without active fault, each Third-Party Defendant has an implied contractual duty to indemnify LA New Age in the underlying action and to assume the defense of LA New Age in the underlying action.

49. As a result of the implied contractual duty to indemnify LA New Age, and their failure to assume the defense of LA New Age in the underlying action, each Third-Party Defendant is liable to LA New Age for all attorney fees, costs, and other expenses incurred in connection with the defense of the underlying action, as well as for any judgment, settlement, or other liability arising from the claims asserted against LA New Age by Plaintiff Hydroxie LLC.

50. No Third-Party Defendant has agreed to indemnify LA New Age in the underlying action.

51. No Third-Party Defendant has assumed the defense of LA New Age in the underlying action.

52. Each Third-Party Defendant's failure to indemnify LA New Age and to assume the defense of LA New Age in the underlying action constitutes a breach of that Third-Party Defendant's implied contractual duty to indemnify LA New Age that arose from the sale of the products at issue in the underlying action by each Third-Party Defendant to LA New Age.

## FOURTH CAUSE OF ACTION

### Breach of Contract

### (Against All Third-Party Defendants)

53. LA New Age incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

54. LA New Age purchased Hydroxie products from Third-Party Defendants Nation Wide Distributors, Sol Trading, Moor Vapes, JHL Distribution, MSM and Rivercity. In doing so, LA New Age performed all of its obligations under its contracts with each Third-Party Defendant for the sale of such goods.

55. After receiving service of the First Amended Complaint, LA New Age sent letters to Nation Wide Distributors, Sol Trading, Moor Vapes, JHL Distribution, MSM and Rivercity on January 22, 2026, and again on April 1, 2026, demanding that each Third-Party Defendant provide proof to LA New Age that the Hydroxie products sold to LA New Age were genuine, non-infringing, and authorized for sale.

56. Each Third-Party Defendant was obligated to provide proof of the express assurances given to LA New Age that the Hydroxie products sold to LA New Age by that Third-Party Defendant were genuine, non-infringing, and authorized for sale upon demand after LA New Age was sued by Plaintiff for distribution of allegedly infringing goods sold to LA New Age by the Third-Party Defendants.

57. Each Third-Party Defendant breached this obligation by failing to provide the proof demanded by LA New Age that the Hydroxie products sold by each of them to LA New Age were genuine, non-infringing, and authorized for sale.

58. As a result of each Third-Party Defendant's failure to provide such proof, LA New Age lost any profits that it could have obtained from the sale of genuine products, as well as the cost of purchasing said products from each Third-Party Defendant.

## PRAYER FOR RELIEF

WHEREFORE, LA New Age Dist, Inc. respectfully requests that the Court enter judgment in its favor and against each Third-Party Defendant as follows:

1. Ordering each Third-Party Defendant to assume the defense of LA New Age in the underlying action;
2. Awarding contractual and common-law indemnification for all sums paid or awarded to Plaintiff Hydroxie LLC in the underlying action;
3. Awarding past and future costs, disbursements, and reasonable attorney fees incurred by LA New Age in defending the underlying action and in prosecuting the Third-Party Complaint and as otherwise necessary to enforce LA New Age's rights against Third-Party Defendants;
4. Awarding contribution from Third-Party Defendants in an amount commensurate with each Third-Party Defendant's proportionate share of responsibility or LA New Age's losses;
5. Awarding compensatory damages in an amount to be determined at trial for each Third-Party Defendant's breaches of contract and warranty;
6. Awarding pre-judgment and post-judgment interest costs, and disbursement; and
7. Awarding such other and further relief as the Court deems just and equitable.

Dated: May 22, 2026

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: [signature]
Colin V. Quinlan
Attorneys for Defendant and Third-Party Plaintiff LA New Age Dist, Inc.

**DEMAND FOR JURY TRIAL**

Defendant LA New Age Dist, Inc. hereby demands a jury trial.

Dated: May 22, 2026

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: [signature]

Colin V. Quinlan
Attorneys for Defendant and Third-Party Plaintiff LA New Age Dist, Inc.